Lauren E.H. DiFrancesco (#14205)
GREENBERG TRAURIG, LLP
222 South Main Street, Ste. 1730
Salt Lake City, UT 84101
(801) 478-6900
difrancescol@gtlaw.com
*Attorneys for Defendants Ethicon,
   Inc. and Johnson & Johnson*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH - NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH BARRETT and DANIEL BARRETT<br><br>Plaintiff<br><br>v.<br><br>JOHNSON & JOHNSON and ETHICON, INC.,<br><br>Defendants | DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT<br><br>Case No. 1:22-cv-00154-RJS-JCB<br><br>Judge Robert J. Shelby<br>Magistrate Judge Jared C. Bennett |

**RELIEF SOUGHT AND GROUNDS FOR RELIEF**

The Court should dismiss Plaintiffs' fraud-related claims set forth in Counts IV and V of their First Amended Complaint ("FAC") because they do not satisfy the heightened pleading requirements set forth in Fed. R. Civ. P. 9(b).

**BACKGROUND**[1]

In this products liability case, Plaintiffs allege that Plaintiff Elizabeth Barrett sustained injuries from the implantation of Gynemesh PS, a prescription medical device manufactured by Defendant Ethicon, Inc.  Doc. 45, FAC, ¶ 1.  Residents of Utah, Plaintiffs allege that Ms. Barrett

---

[1] For purposes of Defendants' motion only, the well-pled factual allegations in the Complaint are considered to be true. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

1

was implanted with the device in Ogden on December 29, 2011. *Id*., ¶¶ 2, 15. Ms. Barrett underwent two revision surgeries in 2021 and had "nearly all of the mesh removed from her body . . . ." *Id*., ¶¶ 19–28. Plaintiffs claim that Ms. Barrett sustained a number of injuries as a result of the product. *Id.*, ¶ 32.

Plaintiffs filed their original Complaint on November 14, 2022, alleging eight causes of action. Doc. 2. Ethicon moved to dismiss several of their causes of action, including their fraudulent concealment and negligent misrepresentation claims. Doc. 24. Following a hearing on July 31, 2023, the Court found that Plaintiffs' fraudulent concealment and negligent misrepresentation claims were deficient but afforded them the opportunity to amend their complaint. Doc. 41.

Plaintiffs filed their Amended Complaint on September 20, 2023. Doc. 45. Therein, Plaintiffs reallege their fraudulent concealment and negligent misrepresentation claims (Counts IV and V). Deficiencies, however, remain, and therefore Ethicon again asks the Court to dismiss those claims.

**LEGAL ARGUMENT**

Rule 12(b)(6) authorizes a court to dismiss a cause of action that fails "to state a claim upon which relief can be granted." In considering a motion to dismiss under Rule 12(b)(6), "[a]ll well-pleaded factual allegations in the complaint are accepted as true, and viewed in the light most favorable to the nonmoving party." *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (internal citations omitted). To avoid dismissal under Rule 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added).

I. **Plaintiffs may not pursue a fraudulent concealment claim (Count IV), because they have not alleged facts that would show that reliance.**

"The three elements of fraudulent concealment are best described in this order: (1) there is a legal duty to communicate information, (2) the nondisclosed information is known to the party failing to disclose, and (3) the nondisclosed information is material." *DP Creations, LLC v. Ortiz*, No. 2:19-cv-00948-HCN-DBP, 2021 WL 2895239, at *5 (D. Utah Mar. 5, 2021) (quoting *Yazd v. Woodside Homes Corp.*, 2006 UT 47, ¶ 35, 143 P.3d 283, 289).[2] Additionally, there must be a showing of "reliance thereon by plaintiff to his damage." *Hussein v. UBS Bank USA*, 2019 UT App 100, ¶ 24, 446 P.3d 96, 103; *see also Wirth v. Taylor*, No. 2:09-cv-127 TS, 2011 WL 4001157, at *10 (D. Utah Sept. 8, 2011).

Plaintiffs' FAC must also satisfy Rule 9(b)'s particularity requirement, such that it must "identify the time, place, and content of each allegedly fraudulent representation or omission, to identify the particular defendant responsible for it, and to identify the consequence thereof." *Hafen v. Strebeck*, 338 F. Supp. 2d 1257, 1263 (D. Utah 2004). In other words, "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud . . . ." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (internal quotations and citations omitted).

Even if Plaintiffs' FAC satisfied other requirements, it does not link with particularity Ms. Barrett's alleged injuries with any alleged "concealment." The extent of the FAC's allegations concerning reliance are limited to the following conclusory assertions:

---

[2] It appears that Utah law applies, as Plaintiffs allege that Ms. Barrett was a Utah resident who was implanted with the product in Utah and received medical treatment in Utah. *See* FAC, ¶¶ 13-15.

3

> 98. Like Plaintiff, implanting physicians relied on the limited information provided by Defendants in selecting their products for treatment and would have made different treatment recommendations had they known the true magnitude and frequency of the risks associated with Gynemesh PS.
>
> 99. Defendants provided inadequate warnings to Plaintiff's physician, who relied on them in deciding to implant Plaintiff with Gynemesh PS.
>
> \* \* \*
>
> 124. Plaintiffs and her doctors, healthcare providers, and/or hospitals reasonably relied on Defendants' false information and marketing materials.
>
> \* \* \*
>
> 138. Plaintiff and/or her physicians relied on these misrepresentations.

Doc. 45.

"The particularity requirement of Rule 9(b) is not met by a mere recitation of the elements of fraud or by conclusory allegations that are not supported by relevant facts." *Hoverman v. CitiMortgage, Inc.*, No. 2:11-cv-00118-DAK, 2011 WL 3421406, at *5 (D. Utah Aug. 4, 2011); *see also SMHG Phase I LLC v. Eisenberg*, No. 1:22-cv-00035-DBB-JCB, 2023 WL 3821132, at *3 (D. Utah June 6, 2023) ("Without more supporting details, Defendants' proposed counterclaim reads like a formulaic recitation of the elements of fraudulent inducement."). Courts in this district have dismissed fraud-related claims in similar circumstances in which reliance was not pled with particularity. *See, e.g., Myrer v. Wright Med. Grp., Inc.*, No. 2:18-cv-359, 2019 WL 251754, at *5 (D. Utah Jan. 17, 2019) ("Moreover, Plaintiff fails to adequately allege that the alleged misrepresentations were made to her or her physician and that they were relied upon by them."); *Althaus v. Broderick*, No. 1:15-cv-00164-JNP, 2016 WL 3976639, at *5 (D. Utah July 22, 2016) ("While the court is mindful that some facts may not be in [plaintiff's] control prior to an opportunity for discovery, the timing and nature of the representations made to her and her own

ACTIVE 690683952v2

actions in reliance thereon are entirely facts within her knowledge that must be pled with particularity.").

Very recently, a Montana Magistrate Judge recommended the dismissal of fraud-related claims of another pelvic mesh plaintiff (represented by the same counsel as Plaintiffs here) for this very reason. In *Guthridge v. Johnson & Johnson*, No. 1:22-cv-0145, Doc. 21 (D. Mont. Sept. 22, 2023), the court found:

> [T]he FAC is lacking any factual allegations that Guthridge, or anyone connected to her care, heard any of the alleged representations; that anyone relevant to this case relied on the representations; or that Guthridge suffered any damages as a result of any reliance on the representations. Without facts supporting the inference that the alleged representations caused detrimental reliance, the FAC falls short of Rule 9(b)'s heightened pleading standard.

Ex. 1 at 11; *see also id.* at 12 ("The FAC in this case does not allege any facts from which it may be inferred that Guthridge relied on any representation made by the Defendants or that any representation caused her loss.").

As in these cases, Plaintiffs' fraudulent concealment claim does not satisfy Rule 9(b) because it does not set forth with particularity facts that would demonstrate that Ms. Barrett or her surgeon relied on any information that Defendants purportedly concealed.

## II. Plaintiffs have not pled with particularity sufficient facts to support their negligent misrepresentation claim (Count V).

Plaintiffs' negligent misrepresentation claim should be dismissed for similar reasons. "In Utah, 'where one negligently makes a false representation, expecting the other party to rely and act thereon, and the other party reasonably does so and suffers loss in that transaction, the representor can be held responsible.'" *Layton Constr. Co. v. Wrapid Specialty, Inc.*, No. 2:14-cv-00402, 2015 WL 7312896, at *10 (D. Utah Nov. 19, 2015). "The elements of a claim for negligent misrepresentation are: '(1) a party carelessly or negligently makes a false representation expecting

5

the other party to rely and act thereon, (2) the plaintiff actually relies on the statement, and (3) suffers a loss as a result of that reliance.'" *Allegis Inv. Servs., LLC v. Arthur J. Gallagher & Co.*, 371 F. Supp. 3d 983, 1005 (D. Utah 2019) (quoting *Moore v. Smith*, 158 P.3d 562, 574 (Utah Ct. App. 2007)).

"Because negligent misrepresentation constitutes a form of fraud, the requirements of Fed. R. Civ. P. 9(b) apply even though the claim is not technically a claim for fraud." *Andersen v. Homecomings Fin., LLC*, No. 2:11-cv-332-TS, 2011 WL 3626828, at *3 (D. Utah Aug. 17, 2011). In fact, as part of their negligent misrepresentation count, Plaintiffs allege that Defendants engaged in "Fraudulent Conduct," took "Fraudulent Action," "actively conceal[ed]" information, and "intentionally misrepresented" information, and acted with "intent." FAC, ¶ 131.a.ii, ¶ 131.b.i, ¶ 131.b.ii, ¶ 131.c.i, ¶131 c.ii, ¶ 133, ¶ 134, ¶137.

Count V should be dismissed because, again, Plaintiffs do not plead reliance with specificity as required by Rule 9(b). Instead, in Paragraph 138 of their FAC, Plaintiffs merely allege that "Plaintiff and/or her physicians relied on these misrepresentations." Doc. 45. Thus, Plaintiffs' negligent misrepresentation claim should be dismissed for the same reasons that their fraudulent concealment claim should be dismissed.

In addition, Plaintiffs' FAC does not sufficiently allege "false representation[s]." *Allegis Inv. Servs.*, 371 F. Supp. 3d at 1005. Instead, the crux of Count V is that Defendants failed to disclose pertinent information; not that the information it disclosed was false. *See* FAC, ¶¶ 130-140. Although Plaintiffs allege that Defendants "chose to mispresent and conceal complications resulting from the mesh itself," *id.*, ¶ 131.b.i, they do not identify any "misrepresentation."

The only allegation that suggests a false representation is the following sentence: "Defendants did not provide this information in the IFU for the product and downplayed these

6

risks in marketing materials such as the 2012 'Time to Rethink' article they hired consultants to produce." FAC, ¶ 131.c.i.  Plaintiffs, however, do not allege with any specificity how risks were "downplayed" in the "Time to Rethink" article or other marketing materials.  Regardless, Ms. Barrett and her implanting surgeon certain would not have relied on a 2012 article with respect to the treatment decision for Ms. Barrett's implant which occurred in 2011.  FAC, ¶ 15.

For these reasons, Plaintiffs' negligent misrepresentation claim should also be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court dismiss Counts IV and V of Plaintiffs' FAC.

**Error! Unknown document property name.**

DATED this 4th day of October, 2022.

/s/ *Lauren DiFrancesco*
Lauren E. H. DiFrancesco
GREENBERG TRAURIG, LLP
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of Court through the CM/ECF system on October 4, 2023, which effected service of this document electronically on all counsel of record.

/s/ <i>Lauren DiFrancesco</i><br>
Lauren DiFrancesco